IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE MOORE, | : | CIVIL ACTION NO. 3:17-cv-1549 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| DAVID J. EBBERT, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Ronnie Moore ("Moore" or "Plaintiff"), at all times relevant a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this Bivens[1] and Federal Tort Claims Act (FTCA)[2] action on August 29, 2017.[3] (Doc. 1). Moore names Warden David J. Ebbert ("Ebbert") and Food Service Administrator Ramirez ("Ramirez") as Defendants.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

[3] Although the docket sheet reflects that Moore filed his complaint on August 31, 2017, the complaint (Doc. 1) is stamped as filed on August 29, 2017.

Presently pending is Defendants' motion (Doc. 11) to dismiss or, in the alternative, for summary judgment on the Bivens claim. For the reasons set forth below, the Court will grant the motion to dismiss. With regard to the FTCA claim, although Defendants' have not moved to dismiss this claim, it is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for lack of jurisdiction. However, Moore will be afforded the opportunity to amend his complaint to cure the FTCA deficiency.

## I. Moore's Complaint

Moore alleges that while incarcerated at USP-Lewisburg he was exposed to a Salmonella outbreak and that Defendant Ebbert did nothing to contain the outbreak and Defendant Ramirez failed to check the food supplies for contamination or spoilage. (Doc. 1, pp. 2, 3). He "would like to get a trial hearing on this matter as to the medical neglect or to be compensated for the outbreak of this life threatening disease." (Id. at 3). He filed "the institution Tort claim from the Administrative Remedy" and "was offered $100 but [he] turned it down because of the severity of the injury of food poisoning." (Id. at 2).

## II. Bivens Claim

### A. Rule 12(b)(6) Standard of Review

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the

plaintiff.  Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)).  A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal

3

distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

**B.     Discussion**

Defendants seek to dismiss the Bivens claim on the grounds that Moore failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." Id. at 1856-57.

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," i.e. the PLRA requires exhaustion of "available" administrative remedies. Id. at 1858. "Available" is defined as "capable of use for the accomplishment of a

4

purpose" and that which "is accessible or may be obtained." Id. at 1858-59, (quoting Booth v. Churner, 532 U.S. 731, 737-38 (2001)). There are three instances in which administrative remedies are unavailable. "First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide relief to aggrieved inmates." Id. at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id.

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " Id. at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)). The requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford, 548 U.S. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228–29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). "The level of detail necessary in a grievance to

5

comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 211–212 (2007).

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010). However, the Court must notify the parties that it will consider exhaustion in its role as a factfinder and afford the parties the opportunity to be heard. Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018). The parties were place on notice on April 17, 2018 that the Court will consider exhaustion in its role as a factfinder and afforded the parties to opportunity to supplement the record with evidence relevant to the issue of exhaustion of administrative remedies. (Doc. 22).

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 12-1, Declaration of Jennifer Knepper ("Knepper Decl."), ¶4, citing, 28 C.F.R. §542.10 *et seq*.). An inmate must initially attempt to informally resolve the issue with institutional staff. (Id. citing 28 C.F.R. § 542.13(a)). If informal resolution fails an inmate may submit a request to the Warden within 20 days of the date on which the basis for the request occurred. (Id., citing 28 C.F.R. § 542.14). An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director of the BOP within 20 days of the date the Warden

6

signed the response. (Id. citing 28 C.F.R. § 542.15). The Regional Director has 30 calendar days to respond to the appeal. (Id.) If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office within 30 days of the denial. (Id.)

Since his incarceration, Moore has filed three administrative remedies. (Id. at 6). Each remedy concerned an appeal of a disciplinary proceeding. (Id.) The BOP has no record of the filing of an administrative remedy related to the Salmonella outbreak. Plaintiff argues that he filed a BP-8 with the kitchen staff inquiring about the food poisoning in January 2017, but received no response. (Doc. 16, p. 2). There is no record of this BP-8 and Moore does not provide a copy. He also alleges that he filed a "Sensitive BP-9" six months later. (Id.) There is no record of a BP-9 and Moore does not submit a copy. Moore has clearly failed to exhaust his administrative remedies with respect to the Bivens claim as required by the BOP and now his claims are procedurally defaulted. *See Spruill*, 372 F.3d at 232. Accordingly, he is barred from proceeding with this claim in federal court.

Further, amendment with respect to this claim is futile because the amendment will not cure the deficiency in the original complaint and an amended complaint cannot withstand a renewed motion to dismiss. Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

7

## III. FTCA Claim

### A. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions, which is set forth *supra*. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999) (applying FED. R. CIV. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)

### B. Discussion

Although Defendants do not address the FTCA claim in their motion, it is clear from the complaint (Doc. 1, pp. 2, 3) and Moore's opposition (Doc. 16) to Defendants' motion that he is also seeking relief pursuant to the FTCA. The only proper defendant in a suit pursuant to the FTCA is the United States. See CNA v. United States, 535 F.3d 132, 138 n. 2 (3d Cir. 2008). Because he only names Ebbert and Ramirez as Defendants, this Court lacks jurisdiction and the FTCA claim is subject to dismissal. However, because the deficiency can be remedied, Moore will be afforded the opportunity to name the proper defendant.

## IV. Conclusion

Defendants' motion to dismiss the Bivens claim pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted. Moore will be afforded the opportunity to file a motion to substitute Defendants Ebbert and Ramirez with the proper FTCA defendant. Failure to do so will result in dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of jurisdiction.

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** July 18, 2018